UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                   )<br>     Plaintiff,                              )<br>                                                   )<br>V.                                             )<br>                                                   )<br>CALVIN R. MORGAN,                )<br>                                                   )<br>     Defendant.                         ) | Criminal Action No. 3: 09-003-DCR<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Calvin Morgan pleaded guilty in 2009 to possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), discharging a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and possessing of a firearm as an illegal user of a controlled substance in violation of 18 U.S.C. § 924(g)(3). [Record No. 24] Morgan was initially sentenced to a 201-month term of imprisonment, followed by five years of supervised release on July 14, 2009. [Record No. 35] However, the United States Court of Appeals for the Sixth Circuit vacated his sentence [Record No. 53], and the Court re-sentenced Morgan on November 20, 2012, to a 174-month term of imprisonment and five years of supervised release. [Record No. 64]

Morgan has now filed a letter stating, in relevant part:

I'm hoping that the Courts will take this as a motion to reduce my sentence on the grounds of *Davis v. United States* or [i]f mention[ed] in the First Step Act[] concerning the 924(c) and 922(g) stacking. If not is there another way to do this [,] please inform me.

- 1 -

[Record No. 87] The letter was docketed as a Motion for relief under the First Step Act of 2018 ("the Act"), Pub. L. 115-391, 132 Stat. 5194 (2018), pursuant to 18 U.S.C. 3582(c)(1)(B). *Id.*

To the extent that Morgan's motion seeks relief under the Act, the Court notes that the law's sentencing reform provisions tangentially relate to only *one* of the counts of his conviction: the violation of § 924(c). The Act was signed into law on December 21, 2018. Pub. L. 115-391, 132 Stat. 5194. Section 403 of the Act amends § 924(c), but it only serves to clarify that the section's stacking provision applies when the defendant has been convicted of a "violation of this subsection that occurs after a prior conviction under this subsection has become final." Pub. L. 115-391, § 403(a), 132 Stat. 5194, 5221-22 (codified as amended at 18 U.S.C. § 924(c)(1)(C)). The statute's prior language had imposed higher mandatory minimum sentences when defendants had been convicted of multiple § 924(c) counts in the *same* indictment. *See id.*; *Deal v. United States*, 508 U.S. 129, 132 (1993). The Act unambiguously states that the Section 403 amendment, "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. 115-391, § 403(b), 132 Stat. 5194, 5222.

But Section 403 of the Act does not actually apply to Morgan's sentence. He was not convicted of two counts of § 924(c) violations in the same indictment. His Presentence Investigation Report upon resentencing also reveals no prior conviction under § 924(c) or any federal statute. [Record No. 69] Finally, the § 924(c) amendment cannot apply retroactively to his sentence because he was re-sentenced in 2012, before the 2018 Act's effective date.

Insofar as Morgan requests relief under the Supreme Court's recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Court notes that the defendant has failed to identify

the appropriate procedure or ground for relief. Morgan has previously filed an unsuccessful 28 U.S.C. § 2255 motion. [Record Nos. 79, 85] His recent letter has apparently moved for relief under the First Step Act, and the Court accordingly declines to treat his requests as a successive 28 U.S.C. § 2255 motion. *See In re Shelton*, 295 F.3d 620, 621 (2002) (holding that, generally, "[d]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 . . . ."). If Morgan seeks to file a successive § 2255 motion, he is directed to comply with the requirements of § 2255(h)(2) and obtain certification from the Sixth Circuit.

Still, the holding in *Davis* appears to be inapplicable to Morgan's sentence. Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence or drug trafficking crime.'" *Davis*, 139 S. Ct. at 2324 (quoting § 924(c)(1)(A)). Under § 924(c)(3)(B), a "crime of violence" includes a felony, "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). The recent *Davis* decision held that § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

Morgan's § 924 conviction and sentencing, however, concerned, "discharging a firearm during and in relation to a drug trafficking crime." [Record No. 64] As the Court explained in its July 11, 2016 Memorandum Opinion and Order, the constitutionality of § 924(c)(3)(B) is irrelevant to Morgan's sentence because he was sentenced under the section's provisions concerning drug trafficking rather than those relating to "crimes of violence." [Record No. 85, pp. 5-6] The fact that the Supreme Court has concluded that § 924(c)(3)(B) "crimes of

violence" residual clause to be unconstitutional does not alter this analysis or have any substantive implications for Morgan.

Based on the forgoing analysis and discussion, it is hereby

**ORDERED** that Defendant Calvin R. Morgan's letter requesting a sentence reduction, docketed as a motion [Record No. 87], is **DENIED**.

Dated: September 26, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky